Kirkpatrick, O. J.
This cause was originally tried November 18, 1820, before Joel Gibbs, Esq., one of the justices of the peace in and for the county of Gloucester, *155 and a verdict and judgment rendered for the plaintiff for $100. From that judgment there was an appeal to the' Court of Common Pleas of that county, which appeal was continued from time to time till the term of .December,. 1821, when the cause was tried by a jury, and a verdict-rendered for the same sum of $100, and judgment entered accordingly.
The defendants have assigned nine reasons for the reversal of this judgment. But the only thing to be collected from them, that seems to be worthy of consideration, is this. On the trial *of the cause before the justice, there was sworn and examined, as a witness for Ward, the plaintiff below, one Christiana Sutton, the wife of Joseph Sutton. When the same person was offered as a witness upon the-trial of the appeal, the defendants, the Prices, objected toiler admissibility, offering -witnesses to prove that Ward, the plaintiff, had offered to-give her one half of what he should recover upon the trial before Gribbs, and actually did give her $24 on that account. The court declined hearing t-he witnesses offered, and overruled the-objection ; and the witness was sworn and examined. The defendants then again offered the same witnesses to prove the same facts, in order to discredit her testimony, and also other witnesses to prove that, from her general character, she was unworthy of belief. The court rejected this evidence also: and the question is, whether they are right in the law ?
By the thirty-seventh section of the act constituting the courts for the trial of small causes, it is enacted, in substance, that the same evidence shall be admitted upon the appeal as had been admitted before the justice, and no other; unless the justice shall have admitted illegal, or rejected legal evidence, and that then the court of appeal shall reject the illegal, and receive the legal, so that right may be done. Now if a suitor will stand by and see an interested witness taken and sworn against him without opposition, or a witness infamous, or wanting credit, without *156 .•alleging and proving such infamy and want of credit, he ■ can never take advantage of it afterwards; he cannot say the justice has admitted illegal evidence, because no such illegality was made to appear; and the law will not suffer .him afterwards to take advantage of his own neglect, otherwise there could be no. end of controversy. In the case .before us, no such opposition, allegation, or proof was made, • or attempted to be made, on the admission of this witness before the justice. So far as the act goes, therefore, .there • could be no new evidence offered in objection, either to the .admissibility or credit of "this witness, upon the appeal. The defendants, being- aware of this, found their objection ■.to her, and would introduce witnesses, who had not been before the justice, to support that objection, upon the ground, that they have discovered those facts and this new evidence .-since that trial.
The act upon which this appeal is brought, being the act •of November, 17, 1820, enacts, that, upon- the trial of the appeal, *t-he same evidence shall be admitted as is admissible in other cases, (that is, under the act constituting those courts) and no other, “ unless such new trial upon the appeal shall have been awarded upon the discovery of new evidence since the trial before the justice.” By that act, a new trial upon an appeal, after verdict, was not a matter of ’.course; but the verdict must first be set aside upon legal principles, and then the new trial ordered; and unless this were done upon the discovery of neio evidence, and appearing so to be, upon the record, no new evidence could be .admitted upon the trial of the appeal. Now it is manifest, in this case, that the new trial upon the appeal was ’not .awarded-upon any such ground, for the first time this newly discovered evidence was ever heard of, so far as appears from the record, was after the trial upon the appeal had actually commenced. Besides, I take it to be a principle ■clearly settled, that a new trial will not be granted upon .the new discovery of witnesses who will swear against the *157 credit of those sworn upon the trial. Upon those statutes, therefore, as well as upon general principles, I think the court below were right in the law.
What proves this construction to be still more consistent with the general view of the legislature on this subject, is, that in the very next act touching this matter, viz., the act of November 23, 1821, it is required, that in order to introduce newly discovered evidence upon the appeal, the party must, at the term to which the appeal is made, file an affidavit setting forth the facts newly discovered, and the names of the witnesses to prove them, or otherwise be precluded from introducing them; — no such thing was done here.
As to the hill of costs, I do not see the principle upon which it is has been made up and taxed. The appellee is entitled to the expenses of two witnesses only; — this will reduce the hill of costs to $8.83.
Let the judgment be affirmed, therefore, for the principal sum of one hundred dollars, and eight dollars and eighty-three cents cost.
Judgment affirmed.